IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02311-BNB

JOSEPH FULLER,

    Plaintiff,

v.

BENT COUNTY CORRECTIONAL FACILITY, and
C/O WILLARD,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Joseph Fuller, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado.  Mr. Fuller, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 for injunctive relief.  On September 19, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Fuller to file an amended complaint within thirty days that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, sued the proper parties, and asserted each named defendant's personal participation in the alleged constitutional violations.  On November 13, 2012, Mr. Fuller filed an amended complaint for money damages and unspecified injunctive relief on an outdated form missing the page concerning previous lawsuits filed and administrative relief sought.

    Mr. Fuller has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Fuller is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Fuller's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Fuller is suing an improper party. In the September 19 order for an amended complaint, Magistrate Judge Boland warned Mr. Fuller that regardless of the relief sought he could not sue the Colorado Department of Corrections or its prison facilities. Magistrate Judge Boland pointed out that the State of Colorado and its entities, such as

the Colorado Department of Corrections, are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). The magistrate judge noted "[i]t is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). Magistrate Judge Boland further noted that the State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Yet Mr. Fuller persists in suing the Bent County Correctional Facility in the amended complaint. He may not do so. The claims against Bent County Correctional Facility will be dismissed.

     Mr. Fuller fails to allege the personal participation of the remaining Defendant, Correctional Officer Willard, in any alleged constitutional violations. Magistrate Judge Boland explained in the September 19 order for an amended complaint that Mr. Fuller must assert personal participation by each named defendant in the alleged constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). He further explained that, to establish personal participation, Mr. Fuller must

show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Specifically, he pointed out there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  He noted that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  He explained that a supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).  In short, he informed Mr. Fuller that, to state a claim in federal court, he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Fuller persists in suing Correctional Officer Willard because "[i]n the complaints [sic] intial [sic] filing C. O. Willard was listed but due to Joseph Fuller being moved the officers' location is unknown." ECF No. 16 at 2.  Mr. Fuller makes no other reference to Mr. Willard in the amended complaint.  As a result, Mr. Fuller has failed to allege facts supporting Mr. Willard personal participation in any constitutional violations and, therefore, the claims against him must be dismissed.

Mr. Fuller's claims fail to discuss how he has been injured, focusing instead on conditions of confinement he finds to be uncomfortable, inconvenient, or disagreeable.  He generally complains about inmates not being allowed to send mail during a facility

lock down during the first week in October 2012; lack of cleanliness of the kitchen, showers, and pods; facility overcrowding; and cold temperatures.

Mr. Fuller's allegations do not demonstrate an injury that is sufficiently serious because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The fact that Mr. Fuller disagrees with the conditions of his confinement does not mean that he is deprived of the minimal civilized measure of life's necessities. In fact, as the Supreme Court of the United States has observed, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons).

Magistrate Judge Boland advised Mr. Fuller in the September 19 order that the United States Constitution requires a party seeking to invoke the jurisdiction of the federal courts to demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Fuller fails to allege facts demonstrating any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to

assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980). The amended complaint will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Fuller files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of   November  , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court